UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| **HBTPOWER LIMITED** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:23-cv-00628-CHB |
| v. | ) | |
| | ) | |
| **MOHAWK ENERGY, LLC** | ) | |
| | ) | |
| *Defendant.* | ) | |

## **MOHAWK ENERGY'S MOTION TO TRANSFER**

Comes the Defendant, Mohawk Energy, LLC, by counsel, and moves this Honorable Court to transfer the action to the Eastern District of Kentucky for the reasons outlined herein. Such immediate transfer is in the the best interests of the parties and conserves judicial economy.

There is no link between this case, the parties, the witnesses, the cause of action, or any other matter related to this case and the Western District of Kentucky. While Mohawk and the undersigned are well aware that this Court is qualified to adjudicate this type of matter, the facts and circumstances relative to the action require that it be transferred to the sister District. Counsel for Mohawk referenced these concerns to counsel for Huobi on Friday, December 1, but Huobi made no voluntary transfer of venue or forum to the Eastern District, which necessitates this Motion.

Mohawk is a technology and training/certification company located in Letcher County, Kentucky, which is in Kentucky's Eastern District. The company has been in existence since 2005 and engaged in furthering and supporting the residents of rural Eastern Kentucky communities for more than a decade. At its facility, in the Eastern District of Kentucky,

1

Mohawk hosts crypto currency mining and other technology activities and has a training and certification program to provide certification for displaced coal miners and flood victims in Eastern Kentucky.  It is a contributing member of its local community and engaged in economic development in the Eastern District of Kentucky.  All persons supported by, employed by, working at, or engaging with Mohawk reside and work exclusively in the Eastern District of Kentucky.

The company is managed by its majority member, state senator Brandon Smith, who is from Senate District 30, which includes the counties of Breathitt, Estill, Lee, Lesie, Magoffin, Perry, Powell and Wolfe.  Smith is the primary manager of the day-to-day operations and decision-making for Mohawk and supervises all activities at the plant.

Sen. Smith resides in Hazard. The Kentucky legislative session begins immediately in January and it is a budget year, meaning that Smith will be required to be both in his home counties and in Frankfort almost daily for the next four (4) months.  His home, his legislative district, Mohawk's facility and business and his legislative work are all in the Eastern District of Kentucky.  Sen. Smith will be required to remain exclusively in the Eastern District of Kentucky during the legislative session.  While Sen. Smith could potentially fit in hearings and appearances at an Eastern District court (Frankfort, Lexington, Pikeville, Ashland) during legislative session, it is unlikely that he will be able to travel to the Western District, which will create unnecessary delays and complications in the resolution of this matter.

Mohawk has other employees who work at the Letcher County plant.  Those employees are involved in day-to-day management and operations, including the fit-up of the facility and the use, security and storage of any Huobi equipment on site.  No Mohawk employees have any

connection with the Western District of Kentucky.  All Mohawk employees will be a 4+ hour drive from a Western District court.

Huobi is a foreign company with no known current employees or officers in the Commonwealth of Kentucky.  Huobi's former workers worked only in the Eastern District of Kentucky during fit-up of the host site portion of the Mohawk facility.  Those workers had no connection with the Western District of Kentucky.

Kentucky counsel for both parties work in the Eastern District of  Kentucky.  Counsel for Mohawk is in Frankfort and counsel for Huobi are in Lexington.

There is no known or explained connection between this case and the Western District of Kentucky.  This forum will be very inconvenient for the court, parties, witnesses and counsel.  The courts for the Western District are located many hours from the site of the business, its owners, workers and persons served by Mohawk.  Mohawk's employees and persons working with the business will have difficulty appearing before this Court due to distance and cost of travel across the state.

The law provides that any party may move for a transfer under 28 U.S.C. § 1404(a). *I-T-E- Circuit Breaker Co. v. Regan,* 348 F.2d 403 (8th Cir. 1965); *American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 260 (W.D. Mo. 1980).  As noted by the Plaintiff in its Complaint, arbitration on this case could be brought in either district in Kentucky.  As Huobi has selected litigation rather than arbitration by making its complaint about multiple issues between the parties in this Court, it makes no sense to have litigation conducted in a remote and inconvenient and unrelated forum.  Section 1404(a) of Title 28 provides that: "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought." The Eastern District of Kentucky

has the entirety of the connections with this case and is clearly the most appropriate forum for the action.

Courts note that one of, if not the most important factors to be considered where a change of venue is requested, is that of convenience of the witnesses. In this regard, the inquiry is directed not at the numbers, but rather at the nature and quality of the witnesses' testimony and the question of whether they can be compelled to testify. See *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1051 (N.D. Ill. 1982).  Kentucky courts traditionally ensure appropriate venue in actions before them.  See, e.g., *Fritsch v. Caudill*, 146 S.W.3d 926, 927 (Ky. 2004). Senator Smith and other Mohawk employees will be essential witnesses in this matter.  Selection of the venue and forum that best permits their ready attendance and involvement in these proceedings is just and fair and will ensure that this action proceeds quickly and smoothly.

For the foregoing reasons, Mohawk requests that the action be transferred to the Courts of the Eastern District of Kentucky.

Respectfully submitted,

_____
Anna Stewart Whites
ANNA WHITES LAW OFFICE PLLC
327 Logan Street
Frankfort KY 40601
(502) 352-2373 (office)
 Annawhites@aol.com
*Attorney for Defendant Mohawk Energy, LLC*

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was this day served via the court's electronic filing system upon:

Palmer G. Vance
Lindsey H. Meares
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131

This the 4th day of December, 2023.

_____
Anna Stewart Whites