UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **HBTPOWER LIMITED** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:23-cv-00628-CHB |
| v. ) | |
| ) | |
| **MOHAWK ENERGY, LLC** ) | |
| ) | |
| *Defendant.* ) | |

### DEFENDANT MOHAWK ENERGY'S REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF THE FACT THAT THE PLAINTIFF IN THIS MATTER IS NOT THE ENTITY WHICH CONTRACTED WITH MOHAWK

Comes the Defendant, Mohawk Energy, by counsel, and requests that this Court take judicial notice of the fact that the Plaintiff before this Court does not appear to be the party with which it contracted.

Mohawk would state that it is unclear where the party it contracted with is or if that entity still exists, but has discovered that the party before this Court appears not to be that initial contracting party.  After review of the Plaintiff's corporate disclosure and a deep dive into Huobi Technologies' online records, Mohawk has determined that the HBTPower Limited name is being used by someone other than Huobi Technologies, with which Mohawk contracted.

The initial agreement between the parties, as submitted before this Court in the initiating Complaint, and in each pleading filed by HBTPower Limited ("Huobi") since, the Plaintiff has

1

made the claim that it is a corporate entity owned by Huobi.  Mohawk has a concern that this statement may be be false or deceptive.

At the time of the initial agreement between the parties, HBTPower Limited was a company name controlled by Huobi Technologies.  See initial paragraph of the parties' Agreement, which states that: "HBTPower Limited, a Huobi Technology Holdings Limited controlled BVI business company with its registered address being Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands" is the sole party to the agreement with Mohawk Energy, LLC.  That agreement is appended to the Complaint, Document #1 in the record.

Various corporate coups, arrests or involuntary changes of corporate owners, and transfers or seizures of assets or interests appear to have occurred in China and elsewhere since that time.  HBTPower Limited is not the same entity Mohawk contracted with.  There is nothing in the record to show that the ownership or contracting party remains the same or if the interests of the entity providing the mining machines and entering into the agreement with Mohawk has any relationship at all to the party before this Court.

Upon information and belief, Huobi Technology Holdings Limited is not in existence anymore and the company assets have changed ownership, name, corporate structure and interests repeatedly over the past eighteen (18) months. HBTPower Limited appears to be just a name being used, not the same corporate entity or individuals contracting with Mohawk.  It is unclear whether the Mohawk contract or any mining machines at the Mohawk plant have any relationship at all to the Plaintiff in this action.

Huobi's Corporate Disclosure, [Document #3 in the Record] states that "Plaintiff, HBTPower Limited ("HBTPower"), is a limited company incorporated under the laws of the British Virgin Islands with its principal place of business in Road Town, British Virgin Islands. The sole members of HBTPower are Sinohope Digital Service Limited (formerly known as New

Huo Digital Limited) and Mcore Limited. Sinohope Digital Service Limited owns 80% of HBTPower's stock. The parent company of Sinohope Digital Service Limited is Sinohope Technology Holdings Limited. Mcore Limited owns the remaining 20% of HBTPower's stock. The parent company of Mcore Limited is Avenir Cayman Holding Limited." <u>This Court will note that none of those entities is Huobi Technology Holdings Limited, as was identified in the initial agreement between the parties.</u>

The Court will also note that there is no Huobi representative in this matter. HBTPower Limited has named its sole representative a non-employee contractor, Wang Yangping. See: "Declaration of Yangping Wang", filed of record [#16(2)]as an Exhibit to Plaintiff's Motion for Temporary Restraining Order; Verification Page, Document 12, Exhibit 1. This contractor is the one who signed the "verified" complaint. As already noted in Mohawk's filings before this Court, during the course of the past eighteen months that contractor took several actions which appeared to be self-dealing and against the interests of Huobi and of Mohawk. It is unclear at this time whether that contractor is acting on his own behalf as the "Plaintiff" in this action or may have some connection to the actual owner of the mining machines or the real party in interest.

Neither Mohawk, nor this Court, can be sure who exactly owns the "Plaintiff", and who is advancing that entity's interests and speaking for that entity. It is clear from the filing of the corporate disclosure that the entity acting as Plaintiff is not the entity which contracted with Mohawk and that the contracting party is not before this Court. This creates significant concern on the part of Mohawk, which asks that this Court take judicial notice of that matter.

Mohawk certainly does not wish to provide information, funds, mining machines or services under the contract to an entity which is not the entity that provided it with those mining

machines or that it contracted with. As the various bitcoin mining and hosting cases before Kentucky and other federal courts reflect, attempts by third parties to seize mining machines from host sites and nonpayment of host sites by mining machine owners is commonplace. Mohawk notes that none of the individuals on recent zoom meetings with Mohawk, who claimed to be Huobi's owners, managers or lawyers, were the individuals it dealt with during the initial months of the agreement.

The initial Agreement between the parties found in the record [#16 (2)] states:

**THIS OPERATION RIGHT LICENSE AGREEMENT** ("Agreement"), dated as of June 1st, 2022 ("Effective Date"), is by and between Mohawk Energy, LLC, a Kentucky limited liability company, with a principal business address at 1004 Gateway Industrials Park, Jenkins, KY 41537 ("Licensor"), and HBTPower Limited, a Huobi Technology Holdings Limited controlled BVI business company with its registered address being Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands ("Licensee or Huobi"). Licensor and Licensee may be referred to herein individually as a "Party" and collectively as the "Parties."

Id. The Agreement further provides at Paragraph 15(a) "Assignment" that Mohawk's consent in advance is required for assignment of Huobi's interest to any affiliate or third party.

Written notice by Huobi of corporate changes or assignment of any interest must be provided to Mohawk at least ten (10) days in advance. Id, Paragraph 15(b). Any sale or transfer of any of Huobi's interest must be agreed upon in advance by Mohawk, with strict provisions as to how notice of such matters must be provided. Id, Paragraph 15(e). The contract provides that before any changes take place, Mohawk is entitled to a right of first refusal for Huobi's interests at the plant prior to any such contemplated transfer or assignment of interest from the original entity. Id. Mohawk was never provided with any such notice or right of first refusal to assume Huobi's interests at the Kentucky plant.

Mohawk does not believe that the original entity it contracted with is even in existence anymore. Other entities or individuals, which purchased or seized Huobi Technologies assets,

4

whether by sale, transfer, craft or otherwise, appear to have merely assumed the "HBTPower Limited" name.

Interestingly, there is nothing before this Court other than the statement of the non-employee "contractor" Wang Yangping, showing who may have a right to the machines or any other interests at the Mohawk plant. Before the Plaintiff can assume any control over those machines or anything else involved in this case, the Court must be able to clarify where Huobi Technologies is, and to require it to appear before this Court.  The real party in interest is a necessary party to this action.  To avoid conflicts of interest and to further transparency, Mohawk asks that this Court require Huobi to be represented by counsel from law firms not involved in the current action.

Mohawk asks that this Court take all reasonable and necessary steps to protect the real party in interest's rights in this action, to bring Huobi Technology Holdings Limited before this Court or to dismiss this action as the real party in interest is not present.

Respectfully submitted,

_____
Anna Stewart Whites
ANNA WHITES LAW OFFICE PLLC
327 Logan Street
Frankfort KY 40601
(502) 352-2373 (office)
 Annawhites@aol.com
*Attorney for Defendant Mohawk Energy, LLC*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing was this day served via the court's electronic filing system upon:

Palmer G. Vance
Lindsey H. Meares
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131

This the 8th day of December, 2023.

_____
Anna Stewart Whites