**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | | |
|---|---|---|
| **HBTPOWER LIMITED,** | ) | CASE NO.: 3:23-cv-00628-CHB |
| | ) | |
| Plaintiff, | ) | JUDGE: Claria Horn Boom |
| | ) | |
| vs. | ) | |
| | ) | **(PROPOSED) STIPULATED ORDER** |
| **MOHAWK ENERGY, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff HBTPower Limited ("HBTPower") and Defendant Mohawk Energy, LLC ("Mohawk") (collectively, "Parties") have stipulated and agreed to entry of the following order recording the Parties' understanding. Good cause appearing therefore, it is hereby ORDERED, unless reversed upon good cause shown, that:

1. Until the Court issues an order regarding HBTPower's request for preliminary injunction, Mohawk will not sell, dispose, encumber, assign, use or in any manner compromise the mining machines that were delivered at 1004 Gateway Industrials Park, Jenkins, Kentucky 41537 (the "Premises") by HBTPower and are stored thereon. Mohawk agrees not to execute on any liens filed to date with respect to any of the mining machines in connection with its claims against HBTPower.

2. Until the Court issues an order regarding HBTPower's request for preliminary injunction, Mohawk will not sell, dispose, encumber, assign, or in any manner compromise the electrical equipment, including transformers and substations, located at the Premises.

3. The parties agree to attempt to negotiate the disputes should the matter not be resolved by the time the Court renders its decision on preliminary relief, and to bring any such questions or concerns before the appropriate forum.

4. Mohawk will allow HBTPower access to the security cameras at the Premises which allow a view of the interior of the Premises showing the mining machines and electricity equipment that remain on the Premises.

5. Upon notice and with supervision from Mohawk staff at a time convenient to both parties, HBTPower's agents or personnel will be allowed to enter the Premises to inspect the mining machines and the equipment. No equipment will be used by HBTPower to carry out any mining activities during such inspection, nor will machines be removed or seized by HBTPower, its agents or employees.

6. Until the Court issues an order regarding HBTPower's request for preliminary injunction, Mohawk agrees to maintain a minimum balance of $360,000 in its bank account, reflecting the amount that it received from the sale of 2059 m30+ and m31+ Bitcoin mining machines.

7. Mohawk will provide HBTPower a list with serial numbers of all the mining machines it has sold, and details of consideration received for the mining machines reflecting such sale, including confirmation on whether the consideration was received in cash, cryptocurrency or other kind.

8. Parties will adhere to this briefing schedule:

   i. HBTPower will file a restated motion for preliminary injunction by December 18, 2023;

   ii. Mohawk will file its response by January 8, 2024; and

   iii. HBTPower will file its reply, if any, by January 15, 2024.

IT IS SO ORDERED.