## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | | |
|---|---|---|
| **HBTPOWER LIMITED,** | ) | CASE NO.: 3:23-cv-00628-CHB |
| | ) | |
| Plaintiff, | ) | JUDGE: Claria Horn Boom |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER GRANTING** |
| **MOHAWK ENERGY, LLC,** | ) | **PRELIMINARY INJUNCTION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Motion of Plaintiff, HBTPower Limited ("HBTPower"), for the immediate issuance of a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, restraining Defendant, Mohawk Energy, LLC ("Mohawk"), from soliciting or doing any business involving in any manner the sale, disposal, encumbrance or use of all or some part of HBTPower's 2,276 Bitmain Antminer S19j Pro and S19 Pro Series Bitcoin mining machines (the "S Series Miners") and directing Mohawk to provide a complete account of, and particulars for, and escrow any funds received from, any sale of HBTPower's M30 and M31 Series Bitcoin mining machines (the "M Series Miners").

The Court has reviewed HBTPower's Verified Complaint, and has taken under submission the briefing on this instant Motion, and finds that all four factors for the issuance of injunctive relief are present under Rule 65. The License Agreement between HBTPower and Mohawk (together, the "Parties") is a valid and enforceable contract governing the Parties' respective rights and calls for Mohawk to have a fee simple absolute estate in the property located at 1004 Gateway Industrial Park, Jenkins, Kentucky (the "Premises"), which Mohawk has admitted it does not have. Likewise, Mohawk represented in the License Agreement that it had a contract with Kentucky Power Company ("KPC") to outfit the Premises with a power capacity

of no less than 30MW, but Mohawk knew it did not actually have such a contract in place when the License Agreement was executed. Mohawk's misrepresentation induced HBTPower to enter the License Agreement. Moreover, Mohawk does not dispute that HBTPower was the sole owner of the M Series Miners, but nevertheless sold the M Series Miners to third parties, thereby intentionally interfering with HBTPower's use and beneficial enjoyment of the M Series Miners. These facts sufficiently establish a likelihood of success on the merits of HBTPower's contract, conversion and fraudulent misrepresentation claims. The potential damages caused by Mohawk's actions cannot be adequately measured in monetary damages; thus, HBTPower has satisfied its burden of demonstrating irreparable harm. Both the balance of equities and the public policy considerations weigh in favor of enforcement, as it is in the public's interest to have contract and other property rights enforced, and Mohawk would not be harmed through enforcement of the contract to which it agreed.

Injunctive relief is appropriate to enjoin Mohawk from breaching the License Agreement and acting contrary to HBTPower's property rights and is necessary to prevent irreparable harm in the form of lost profits, breach of contract, and other rights.

**IT IS HEREBY ORDERED AND ADJUDGED** that HBTPower's Motion for Preliminary Injunction against Mohawk is **GRANTED**. Mohawk and any individual or entity working in concert with it are hereby **RESTRAINED AND ENJOINED FROM, AND DIRECTED TO:**

(1) Improperly selling, disposing of, encumbering, assigning or using all or some of HBTPower's S Series Miners;

(2) Account for Mohawk's sale of HBTPower's M Series Miners that has already taken place; and

(3) Escrow all funds and consideration received by Mohawk from the sale of HBTPower's M Series Miners that has already taken place.

**IT IS FURTHER ORDERED** that Mohawk file with this Court and serve upon HBTPower, within thirty (30) days after the date of entry of this Preliminary Injunction, a report, in writing and under oath, setting forth in detail the manner and form in which Mohawk has complied with the Injunction and Order and Judgment laid out herein.

**IT IS SO ORDERED AND ADJUDGED.**