## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| **HBTPOWER LIMITED,** | ) CASE NO.: 3:23-cv-628-CHB |
| Plaintiff, | ) JUDGE: Claria Horn Boom |
| vs. | ) |
| **MOHAWK ENERGY, LLC,** | ) **RESPONSE OF HBTPOWER LIMITED IN OPPOSITION TO MOTION TO TRANSFER VENUE** |
| Defendant. | ) |

Comes the Plaintiff, HBTPower Limited ("HBTPower"), by counsel, and tenders this Response in Opposition to the Motion to Transfer Venue (DN 13) ("Motion") filed by Defendant, Mohawk Energy, LLC ("Mohawk").

## RELEVANT BACKGROUND

On May 31, 2022, HBTPower and Mohawk (the "Parties") entered into the Operation Right License Agreement (the "License Agreement") with an effective date of June 1, 2022.[1] Thereunder, the Parties agreed to arbitrate any dispute arising out of the License Agreement, except that both Parties were still permitted to seek provisional relief in court. (Id. at § 20(a).) Section 20 of the License Agreement, which includes the mandatory arbitration provision, also includes a forum selection clause:

> [A]ny dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in Lexington, Kentucky or Louisville, Kentucky before one arbitrator. . . [.]

---

[1] A copy of the License Agreement is attached as Exhibit 1.

1

> Licensor and Licensee each submits for itself and its property in any proceeding relating to this Agreement, or for recognition and enforcement of any award or judgment in respect thereof, to the nonexclusive general jurisdiction of any Kentucky State court or ***federal court of the United States of America sitting in Louisville, Kentucky*** or Lexington, Kentucky, and any appellate court from any thereof.

(Id. at § 20(a),(b) (emphasis added).) On November 29, 2023, HBTPower brought this action in the Western District of Kentucky, Louisville Division, seeking preliminary injunctive relief, as is permitted under the License Agreement. (DN 1.) HBTPower selected the Western District of Kentucky because Louisville, Kentucky is the easiest city in Kentucky to access by air. On December 5, 2023, HBTPower commenced arbitration before JAMS to resolve its underlying dispute with Mohawk.[2] As such, this proceeding is limited both in scope and in time, was filed in a "federal court . . . sitting in Louisville, Kentucky," with a hearing on HBTPower's Motion for Preliminary Injunction already scheduled for January 25, 2024. (DN 24.)

## ARGUMENT

### A.  The Western District of Kentucky Is The Proper Forum Under The License Agreement.

Pursuant to Section 20 of the Parties' License Agreement, the Western District of Kentucky, located in Louisville, Kentucky, is a proper venue to adjudicate this proceeding where the License Agreement affords the Parties the choice to select a "federal court of the United States of America sitting in ***Louisville, Kentucky*** or Lexington, Kentucky." (Ex. 1 at § 20(b) (emphasis added).)

Federal courts enforce forum-selection clauses absent a strong showing that such clauses should be set aside. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991). Once a

---

[2] A copy of HBTPower's Demand for Arbitration is attached as Exhibit 2.

forum-selection provision is determined to be valid, the burden switches to the movant to show that the provision should not be enforced. Wong v. PartyGaming, Ltd., 589 F.3d 821, 828 (6th Cir. 2009) (citing Carnival Cruise Lines, Inc., 499 U.S. at 595). To evaluate the enforceability of a forum-selection provision, courts in the Sixth Circuit consider the following: "(1) whether the clause was obtained by fraud, duress or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." Id. (citing Sec. Watch, Inc. v. Sentinel Sys., Inc., 176 F.3d 369, 375 (6th Cir. 1999)).

Here, there is no question that the License Agreement's forum-selection clause is valid and enforceable. First, Mohawk has not argued that the forum selection cause was obtained by fraud, duress, or other unconscionable means. Second, nothing suggests that the Western District of Kentucky would adjudicate this case with any less care or precision than any other forum. Mohawk provides no support that the law in this district would "be such a risk . . . that the litigants will be denied any remedy or will be treated unfairly." Id. at 829.

Finally, Mohawk has not shown that the "enforcement of the clause would be so inconvenient that its enforcement would be unjust or unreasonable." Id. In this regard, Mohawk argues that, because the sole member of Mohawk resides in Hazard, the more convenient venue is the Eastern District of Kentucky. (DN 13 at 2.) However, under Wong, the analysis is not just whether the forum is "seriously inconvenient," but whether requiring the movant to litigate in the forum "would be unjust." Id. To illustrate, in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972), the Supreme Court of the United States explained that a party "seeking to escape his contract" must show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." In this case,

3

there will be no trial because this proceeding is limited to HBTPower's request for a preliminary injunction (DN 24), with a hearing date already scheduled for January 25, 2024. The underlying dispute is presently in arbitration before JAMS.

Because the forum-selection clause in the License Agreement is valid and enforceable, and places venue in *either* Louisville or Lexington, HBTPower's decision to commence this action in Louisville is proper.

### B. Mohawk Has Failed To Show That The Western District of Kentucky Is An Improper Venue.

Mohawk has failed to establish "whether on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" Atl. Marine Constr. Co. v. U.S. Dist. Ct., 571 U.S. 49, 63 (2013) (citing 28 U.S.C. § 1404(a)). "[C]ourts within the Sixth Circuit have identified nine factors that the Court should consider" in determining whether a venue transfer is appropriate:

> (1) convenience of witnesses; (2) location of relevant documents and relative ease of access to sources of proof; (3) convenience of the parties; (4) focus of the operative facts; (5) availability of process to compel the attendance of unwilling witnesses; (6) relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight granted the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Pharmerica Corp. v. Crestwood Care Ctr., L.P., 2013 U.S. Dist. LEXIS 138061, at *3 (W.D. Ky. Sept. 25, 2013) (citations omitted). "The moving party bears the burden of demonstrating that the balance of these factors weighs in favor of transfer." Id. Here, Mohawk cannot meet its burden.

As a preliminary matter, this proceeding is limited to seeking a preliminary injunction. The provisional nature of this matter only requires one hearing, which has already been scheduled. All filings have been done electronically. Above all, there will be no trial because the underlying dispute is presently in arbitration before JAMS. Thus, any witnesses inconvenienced by the venue,

if any, will only suffer inconvenience on one occasion – the January 25, 2024 hearing on HBTPower's Motion for Preliminary Injunction. Mohawk has already confirmed its availability to attend the hearing in Louisville, Kentucky, on that date.

Moreover, as an out-of-state entity, HBTPower preferred Louisville as the venue because of its convenient access to flights, airport and accommodation. That is just as valid a reason as any. HBTPower's primary counsel and its main fact witness are located out of state and will need to fly in for the Preliminary Injunction hearing. Even setting that aside, Mohawk's counsel lives closer to the Louisville courthouse than local counsel. As such, factors considering the convenience of the Parties and any potential witnesses weigh in favor of HBTPower's venue selection.

As for the remaining factors, Mohawk has not shown that the Eastern District of Kentucky has more familiarity with the governing law, why the forum selection made by HBTPower, as the plaintiff, should not be given more deference, or whether the interests of justice and efficiency favor transferring this action to the Eastern District of Kentucky, especially when a hearing on HBTPower's Motion for Preliminary Injunction has already been scheduled for January 25, 2024.

## CONCLUSION

For the foregoing reasons, HBTPower respectfully request that this Court deny Mohawk's Motion.

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380
(859) 231-3000
(859) 253-1093 facsimile

By: /s/ Lindsey H. Meares
    Palmer G. Vance II
    Lindsey H. Meares

and

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500
Facsimile: (305) 437-8131
Florida Bar No. 70523
Harout.Samra@us.dlapiper.com

Admitted *pro hac vice*

COUNSEL FOR PLAINTIFF,
HBTPOWER LIMITED

## CERTIFICATE OF SERVICE

I certify that on December 26, 2023, I served the foregoing via CM/ECF, which will send all parties of record a notice of electronic filing.

/s/ Lindsey H. Meares
*Counsel for Plaintiff,*
*HBTPower Limited*

1