UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| **HBTPOWER LIMITED** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:23-cv-00628-CHB |
| v. | ) | |
| | ) | |
| **MOHAWK ENERGY, LLC** | ) | |
| | ) | |
| *Defendant.* | ) | |

## DEFENDANT MOHAWK ENERGY'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

Comes the Defendant, Mohawk Energy, LLC (hereinafter "Mohawk"), by counsel, and for its REPLY in support of the motion to transfer venue (R.13), states as follows:

The sole defense proposed by HBTPower Limited ("HBT" herein) is that the arbitration provision in the parties' agreement allows for arbitration or enforcement of any arbitration award in Louisville or Lexington. HBT Response, p. 1, R. 35. Obviously, this matter is not an arbitration proceeding. HBT fails to explain why an arbitration provision applies to this litigation. Any claim that the parties agreed to a forum selection clause for arbitration is irrelevant to the present action.

For almost a century, Kentucky law has provided that "the language of a contract, if susceptible to two meanings, will be construed against the drafter [HBT herein]." See *Theatre Realty Co. v. P.H. Meyer Co.*, 243 Ky. 346, 48 S.W.2d 1, 2 (Ky. 1932). A written instrument be enforced strictly according to its terms and the contract's meaning discerned from the four corners of the agreement without resort to extrinsic evidence. F*rear v. P.T.A. Industries, Inc.*,

103 S.W.3d 99, 106 (Ky. 2003); *Smith v. Crimson Ridge Development, LLC*, 410 S.W.3d 619, 621 (Ky. App. 2013) ("A contract is interpreted by looking solely to the four corners of the agreement."). As the initial agreement between the parties discussion only forums if there was arbitration, the present action is not included and that clause does not apply to the cause before this Court.

Contrary to HBT's claims that the forum is convenient, Mohawk has shown the Court that the forum choice was unreasonable in that it is five or more hours from the site of the plant or any witnesses other than HBT's witness, who lives in China and California. Mohawk has further shown that this matter is taking place during the legislative session, making it difficult or impossible for Mohawk's manager and majority member to meaningfully participate. Sen. Smith cannot both protect Mohawk's rights and fulfill his mandatory duties of public service. The law supports a change of forum where, as here, it is clear that one forum greatly inconveniences a party and its witnesses. See, e.g., *American Dredging Co. v. Miller*, 510 U.S. 443, 453, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994).

Similarly, HBT's assertion that Mohawk has not shown that a transfer would serve the interests of justice and the convenience of parties and witnesses (Response, p. 4) is blatantly false. Both in pleadings before this Court and in communications with the Court and her staff, Mohawk has explained the serious impediment resulting from HBT's choice of forum. HBT's argument that Louisville is more convenient because of flights and accommodations (Response, p. 5) is without merit. Lexington's airport provides easier and quicker access to the federal court than Louisville's and both have accommodations merely steps away from the courthouse.

HBT argues that this matter involves "just one hearing". Response, p. 4 This is also incorrect. There are multiple motions pending before this Court, including various motions to

dismiss, a complaint and counterclaim, motions regarding affidavits and other filings that appear intentionally or recklessly false, and questions about whether any claim to arbitration was waived by HBT. The matter is a business and contractual dispute, complicated by HBT's refusal or inability to provide key factual information required by Mohawk and this Court. It is likely that this matter will proceed for a period of months, if not years, before the Court.

                                                 Respectfully submitted,

_____
Anna Stewart Whites
ANNA WHITES LAW OFFICE PLLC
327 Logan Street
Frankfort KY 40601
(502) 352-2373 (office)
Annawhites@aol.com
*Attorney for Defendant Mohawk Energy, LLC*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was this day served via the court's electronic filing system upon:

Palmer G. Vance
Lindsey H. Meares
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131

This the 29th th day of December, 2023.

_____
Anna Stewart Whites