UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| **HBTPOWER LIMITED,** | ) | CASE NO.: 3:23-cv-628-CHB |
| | ) | |
| Plaintiff, | ) | JUDGE: Claria Horn Boom |
| | ) | |
| vs. | ) | |
| | ) | **RESPONSE OF HBTPOWER** |
| **MOHAWK ENERGY, LLC,** | ) | **LIMITED IN OPPOSITION TO** |
| | ) | **REQUEST FOR JUDICIAL NOTICE** |
| Defendant. | ) | |
| | ) | |

Comes the Plaintiff, HBTPower Limited ("HBTPower"), by counsel, and tenders this Response in Opposition to the Request for Judicial Notice (DN 20) ("Request") filed by Defendant Mohawk Energy, LLC's ("Mohawk").

Mohawk has not provided a legal basis for alleging that "the Plaintiff before this Court does not appear to be the party with which [Mohawk] contracted." (DN 20 at 1). Mohawk's unsubstantiated (and bizarre) allegation contradicts the Operation Right License Agreement (the "License Agreement"), which, on its face, identifies HBTPower and Mohawk (together, the "Parties") as the contracting parties and forms the basis of the underlying dispute between the Parties. (DN 1-1.) Further, Wang Yangping, the same individual who signed the License Agreement on behalf of HBTPower, has provided two declarations in this action outlining the ownership structure of HBTPower.

The Request does not comply with Federal Rule of Evidence 201. Federal Rule of Evidence 201 governs judicial notice of "adjudicative facts." "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial

- 1 -

- 2 -

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Further, the Court may take judicial notice of public documents and government documents because their sources "cannot reasonably be questioned." Id. In the Request, Mohawk asks this Court to take judicial notice of an unsubstantiated allegation that, as illustrated herein, is neither generally known nor capable of accurate determination, and is not based on public or government documents. Indeed, Mohawk has not provided a shred of evidence supporting its allegation that HBTPower is not "the real party of interest" in this dispute. That is because Mohawk's allegation is untrue.

It is clear that HBTPower is the real party in interest in this dispute. The various documents submitted in this action outline HBTPower's operational and ownership structure, as is evident from the Parties' License Agreement. (See Ex. 1 at Recitals; Verified Complaint (DN 1); Corporate Disclosure Statement (DN 3); the First Declaration of Mr. Wang (DN 23-2); and the Second Declaration of Mr. Wang (DN 23-3).) Specifically, since October 2022, Huobi Technology Holdings Limited ("Huobi Tech") has changed its name twice; first to "New Huo Technology Holdings Limited", and then to its current name "Sinohope Technology Holdings Limited" ("Sinohope"). As a company listed on the Stock Exchange of Hong Kong Limited ("SEHK"), with stock code 1611, Sinohope's relevant announcements are published on SEHK's website from time to time, including those in relation to its change of name.[1]

The sole members of HBTPower are Sinohope and Mcore Limited. Mcore Limited is owned by Avenir Cayman Holdings Limited ("Avenir"). Avenir had two main branches: Huobi

---

[1] Prints from www.hkexnews.hk showing changes in name from Huobi Technology Holdings Limited to Sinohope are collectively attached hereto as **Exhibit 1**. These can also be accessed at 202210800997.pdf (hkexnews.hk) and 2023091801225.pdf (hkexnews.hk).

Global Limited and Sinohope. Huobi Global Limited possessed several mining machines, which HBTPower acquired. HBTPower was established under Sinohope. In 2023, Avenir decided to directly hold ownership of HBTPower Limited. On August 25, 2023, public announcements in this regard were made, and the transaction is under way. (See DN 23-3 at 2.) It is undisputed that HBTPower is the same entity with which Mohawk contracted.

Still, Mohawk asserts that "[u]pon information and belief" HBTPower's controlling member "Huobi Technology Holdings Limited is not in existence anymore." A basic search on a public domain would have revealed that Huobi Tech changed its name to Sinohope. Accordingly, Mohawk's allegations in the Request are baseless. Mohawk's request that "[HBTPower] be represented by counsel from law firms not involved in the current action" is too nonsensical to allow a response.

For the foregoing reasons, HBTPower requests that Mohawk's Request should be denied.

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380
(859) 231-3000
(859) 253-1093 facsimile

By: <u>/s/ Lindsey H. Meares</u>
    Palmer G. Vance II
    Lindsey H. Meares

and

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500
Facsimile: (305) 437-8131
Florida Bar No. 70523
Harout.Samra@us.dlapiper.com

Admitted *pro hac vice*

COUNSEL FOR PLAINTIFF,
HBTPOWER LIMITED

- 2 -

## CERTIFICATE OF SERVICE

I certify that on December 29, 2023, I served the foregoing via CM/ECF, which will send all parties of record a notice of electronic filing.

/s/ Lindsey H. Meares
*Counsel for Plaintiff,*
*HBTPower Limited*