UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| HBTPOWER LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:23-CV-628-CHB-CHL |
| | ) | |
| v. | ) | |
| | ) | |
| MOHAWK ENERGY, LLC. | ) | **ORDER FOR MEETING AND** |
| | ) | **REPORT** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to Federal Rules of Civil Procedure 16 and 26, the Court hereby **ORDERS**:

1. **Magistrate Judge Colin H. Lindsay** will conduct a **telephonic Rule 16 case management conference** on **February 29, 2024, at 10:30 a.m.  <u>Counsel for the parties shall connect to the Telephonic Status Conference by dialing the toll-free number 888-808-6929 and entering access code 2773744#.  Parties shall dial into the conference five (5) minutes prior to the Conference.</u>**  Counsel who participate on behalf of any party (a) shall be fully prepared to discuss all aspects of the case; (b) shall be empowered to bind all counsel for that party with respect to dates agreed upon or ordered; and (c) shall have authority to enter into stipulations and to make admissions regarding all matters that the participants reasonably anticipate may be discussed.  Any request for a change of the conference date shall be made to Magistrate Judge Lindsay's Case Manager, Theresa Burch, at (502) 625-3546.

2. The agenda for the conference shall include the items set forth in Rule 16(c) including, but not limited to, the following:

    (a)  formulation and simplification of the issues;

1

    (b) admissions and stipulations of fact;

    (c) the need for experts;

    (d) discovery relating to electronically stored information;

    (e) preservation of discoverable information, including electronically stored information, the form in which electronically stored information will be produced (i.e., native format, PDF, paper, etc.), whether to, at least initially, limit discovery of electronically stored information to particular sources or custodians, whether to limit computer searches to agreed search terms or methods and whether the parties agree upon what will be preserved;

    (f) the proportional needs of the case in regard to discovery;

    (g) consideration of the proposed discovery plan and review of initial disclosures;

    (h) the possibility of settlement or the use of alternative methods of dispute resolution, including mediation or a settlement conference, and

    (i) any need to adopt special procedures for managing potentially difficult or complex issues.

3. The parties shall meet within **twenty-one (21) days** from the date of service of this Order, pursuant to Federal Rule of Civil Procedure 26(f), either in person or by telephone, to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1) and to develop a proposed discovery plan in order to file a joint status report, as set forth in detail in paragraph (4) below.

4. Within **fourteen (14) days** after the Rule 26(f) conference of the parties, counsel for the parties shall file a written joint report outlining the proposed discovery plan and informing the Court whether prompt settlement of the case is possible.  The report shall advise the Court as to the following:

   (a) the names of the attorneys participating in the Rule 26(f) conference and the date of the conference;

   (b) a brief description of the facts and issues in the case;

   (c) the discovery plan stating the parties' views and proposals on each of the items set forth in Federal Rule of Civil Procedure 26(f)(3) and in paragraph (2) of this Order;

   (d) the date the parties will complete (or have already completed) the initial disclosures required by Rule 26(a)(1);

   (e) a proposed discovery plan that includes:

   (i)  a description of the subjects that require discovery;

   (ii) dates for commencing and completing both fact and expert discovery;

   (iii) any perceived issues regarding the maximum allowable number of interrogatories, requests for admission, and/or depositions;

   (iv) dates for exchanging reports of expert witnesses;

   (v) dates for supplementations under Rule 26(e);

   (f) dates for the plaintiff(s) to amend pleadings or to join parties;

   (g) dates for the defendant(s) to amend pleadings or to join parties;

   (h) dates to file dispositive motions;

    (i)  the parties' estimate of the time necessary to file pretrial motions and materials, including Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists;

    (j)  final dates to file objections under Rule 26(a)(3);

    (k)  the parties' belief as to whether the matter is suitable for some form of alternative dispute resolution such as mediation or a settlement conference;

    (l)  the parties' estimate as to the probable length of trial;

    (m)  the dates mutually convenient with counsel to assign this case for trial; and

    (n)  whether the parties consent to the jurisdiction of a Magistrate Judge in the matter for *all* purposes including entry of judgment pursuant to 28 U.S.C. §636(c).

5. Any party required to file a disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 that has not already done so, shall file a Rule 7.1 disclosure statement at the time of the parties' joint status report.

This the 17th day of January 2024.

                              ENTERED BY ORDER OF THE COURT
                              CLARIA HORN BOOM, JUDGE
                              UNITED STATES DISTRICT COURT
                              JAMES J. VILT, JR., CLERK

**BY:** _____
                              John A. Slone, Deputy Clerk