UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **HBTPOWER LIMITED** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:23-cv-00628-CHB |
| v. ) | |
| ) | |
| **MOHAWK ENERGY, LLC** ) | |
| ) | |
| *Defendant.* ) | |

### REPLY IN SUPPORT OF MOHAWK ENERGY'S MOTION TO DISMISS

Comes Mohawk Energy, LLC, ("Mohawk") and in support of its Motion to Dismiss, R. 32, provides the following Reply:

The applicable standard of review is addressed in the motion and contemporaneous Memorandum of Law at pp. 1, 7 discussing standing, need to prove real party in interest, and the Court's duty to review the facts in each case. HBTPower asserts that the question of whether it is the real party in interest in this matter is "an issue of fact" that defeats dismissal. Actually, the law provides that this is a jurisdictional issue mandating immediate dismissal where the real party is not before the Court. Both Fed. R. Civ. Pro. 17(a) and Kentucky Rule of Civil Procedure 17.01 require that "[e]very action shall be prosecuted in the name of the real party in interest . . . ." Failure to do so must result in dismissal of the action.

The "the real party in interest" is the "one entitled to the benefits of action upon the successful prosecution thereof…." *Stuart v. Richardson,* 407 SW2d 716, 717 (Ky. 1966). This right "must be of a direct and immediate character so that the intervener will either gain or lose by the direct legal operation of the judgment." 67 C.J.S. Parties § 57. Without verifiable

1

evidence showing that the real party in interest is present, which has not been provided in this case, this Court cannot, as HBT so boldly suggests at p. 2, accept this assertion as true and allow whomever is before it claiming to be "HBT" to proceed with the action. An action filed without including the real party in interest, as required by Fed. R. Civ. Pro. 17(a) and Kentucky Rule of Civil Procedure 17.01, does not state a claim for relief as required by Kentucky Rule of Civil Procedure 12 and Fed. R. Civ. Pro. 12(b)(6), and must be dismissed. "The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is de novo." *Appalachian Reg. Healthcare Inc. v. Coleman,* 239 SW3d 49, 53 (Ky. 2007).

Where, as here, the Plaintiff cannot show that the real party in interest is present, the action must be dismissed. Jurisdiction and right to be before the Court must be shown and cannot simply be assumed because the pleadings name "HBT." That is not a statement of fact to be disputed by the parties but an initial standard that must be met before the action can be maintained.

HBT was asked by Mohawk in pleadings filed with this Court to provide the cover email showing that the affidavits from Wang Yangping and Wang Zhuo, which are electronically signed rather than being signed in person or before counsel or an agent of this Court, actually come from HBT. HBT has been unable to do so. It merely provided an additional electronically signed document, with no supporting document enabling it to be authenticated. The documents provided as affidavits or declarations are not even notarized. Notary public services are available online in the U.S., with appropriate proof of identity, and in Hong Kong. See, e.g., https://www.hongkongnotarypublic.com/?utm_source=yahoo-bing&utm_medium=cpc&utm_campaign=NotaryPublic&msclkid=8d72c6765c4d1ce21687a3df116725d2. HBT declined to avail itself of such verification methods.

As this Court and the parties are aware, fake electronic documents and signatures are relatively easy to create. Cover emails showing that the come from HBT's server, or attestations of counsel that they saw Wang Zhou or Zhang Li actually sign the documents would be helpful in establishing the authenticity of such documents. Unfortunately, HBT seems to have no access to any such verifiable documents.

Not only is HBT unable to produce verifying documents establishing the identity of the signatories to the affidavits it submitted to this Court, but HBT also evidently does not know the gender of Wang Zhou. Although nobody affiliated with the Court or Mohawk has ever met, seen, or heard from Wang Zhou, both Wang Yangping and other members of his team consistently referred to that individual as male, and that name is typically a male name. Oddly, counsel for HBT repeatedly refers to Wang Zhou as female (Response to Motion to Dismiss, R. 36, pp. 4, 5). This strongly suggests counsel lacks adequate knowledge of the purported affiant's identity.

HBT creates additional confusion by asserting at p. 5 of its Response that "Ms." Wang Zhuo signed the document as the "sole director of HBT." Yet the very documents provided by HBT to this Court, which supposedly show that HBT is the real party in interest, do not reflect that the company had a "sole director" in 2022. In fact, the publicly available documents filed by HBT in this action show multiple directors at that time. So it appears that a woman claiming to be Wang Zhuo has provided this Court with an affidavit stating that she was the sole director of HBT beginning in July, 2023, (conveniently a date <u>after</u> HBT ceased any activity at the Mohawk site and stopped communicating through its Chinese directors, owners, and managers with Mohawk), although this assertion is directly contradicted by the existing record.

The affidavit provided by "Ms." Wang Zhuo states that this individual is a former sole director of HBT, without ever providing affirmation that currently, after the 1/11/24 purchase of HBTPower by an unrelated third party, that individual continues to be associated with HBT after its purchase by Avenir. The affidavit of Zhang Li also affirms that after 1/11/24 she is not affiliated with HBTPower as it has been purchased by a third party Avenir, which is not the employer of Zhang Li. Exhibit B to HBT's Response, at para. 2. Counsel affirms, at p. 3 of the Response, that an unrelated third party now owns 100% of HBT but is unable to clarify whether the affiants including the "outside consultant" Wang Yangping (Response, p. 4) are actually currently connected with HBT in any way or whether the current owner of the entity has any knowledge of or engagement in this action.

 A pre-sale "corporate resolution", not signed or participated in by anyone who currently owns or is employed by the current corporate entity, as described by HBT at p. 4 of the Response, is not sufficient to prove that HBT is before this Court or that a consultant of the prior entity is the corporate representative of the current corporation, if it still exists. No Avenir representative or current "HBT" employee has appeared in this matter or authorized this litigation or supported Wang Yangping's inaccurate, false and creative interpretation of the parties' agreement and work together.

Wang Yangping is described by counsel as an "outside consultant" to HBT _prior to_ the sale of 100% of the entity. (Response, p. 4). This is not a usual or even acceptable representative of a party. Consultants do not have any legal control over the entity such that they can stand in its shoes, particularly where the entity that employed them has been sold in its entirety. Kentucky Rule of Civil Procedure 30.02 and Fed. R. Civ. Pro. 30(b)(6) require that the corporate representative be a managing employee or individual with knowledge of an access to "matters

4

known or reasonably available to the organization." As Wang Yangping has self-identified in the pleadings as a terminated employee of an earlier iteration of the entity and an outside consultant to yet another earlier iteration, and affirmed that since that employment the entity has been sold in its entirety, his status is unclear. Wang Yangping has proven patently unable to provide any of the information required in this action regarding "matters known or reasonably available to the organization" such as records, copies of the recorded Zoom meetings, any proof of ownership of any of the mining machines, or any other corporate records. For this reason, his claimed agency is not sufficient to keep this matter before the Court.

     Any party must appear before the Court in a verifiable manner, to show that it is actually who it claims to be, namely a proper party to the pending action so that any relief granted by the Court is accorded to the right entity and not to a stranger to the parties' relationship. HBT has failed to meet this threshold showing. Additionally, the complete change in ownership of the former HBT creates a concern, under the clear terms of the initial license agreement between HBT and Mohawk, as to whether there has been an assignment of rights by HBT such that the initial agreement is automatically void. Corporate documents have not been provided showing that HBTPower Limited still exists, as a separate corporate entity, rather than being subsumed into a larger entity or modified into a different corporation.

     In its Response, HBT admits that there is nothing in the record from the <u>current</u> owners or directors of HBTPower. Response, p. 5. The only proffered unverified affidavits in the record are from persons connected with an entity that recently **sold** 100% of HBTPower to Avenir, an unrelated third party corporate entity. HBT's counsel has provided only electronically signed and un-notarized documents from a <u>former</u> HBT Director who has apparently changed gender over the past year, and a director of the entity that <u>sold</u> HBT this past fall in its entirety, who has

5

no continuing relationship with HBT. The elusive nature of any HBT presence before this Court creates an ongoing issue. Plaintiffs' counsel admits in its Response that none of the current owners or employees of HBTPower, if that entity even exists any longer, are before this Court. Under such circumstances, the matter must be immediately dismissed. Former employees of a former owner of the corporate entity cannot maintain the current case in HBT's name.

While HBT says that this Court "is bound to accept the allegations in the Verified Complaint as true", including its unsupported allegations that it actually is HBT or that a terminated employee, now a consultant, is its sole corporate representative in the U.S. despite the sale of "100% of the company" to an unrelated third party, it continues to refuse to provide anything by which the parties or the Court can verify these claims. Mohawk states that this Court is not "bound" to accept the claim that HBT is properly before this Court without actually having either the verifiable evidence suggested by Mohawk or having <u>current</u> HBT owners before it in person to testify under oath.

The party Plaintiff before this Court continues to claim that it is HBTPower and that it owns the mining equipment at issue in this case, without actually providing anything independently verifiable in support of its motion. Even, in HBTPower's Limited Reply in Support of its Motion for Preliminary Injunction (R. 37), going so far as to say "Of course, HBTPower has the inventory of what it delivered [the thousands of mining machines that are the subject of the demand for injunctive relief]…." Id, p. 2, without ever being able to **<u>actually provide</u>** such an inventory. It would have been so simple to do so and to satisfy this Court on that small point, but HBT did not attach such an inventory. This is puzzling. Most owners of any commercially valuable property can promptly provide title, purchase documents, tax receipts, shipping documents, inventory lists and insurance documents. HBTPower has, to date and even

when given seven months to do so including three months before this Court where the information has been demanded repeatedly, been unable to come up with a single document supporting its claim to ownership of the mining machines at the Mohawk site. Obviously, under such circumstances, Mohawk has ongoing concerns about who is actually before this Court and who may actually own the machines.

Similarly, all requests for copies of the parties' zoom meetings, which was the sole means of communication with HBTPower during the year that the parties worked together, have not been produced, despite Mohawk asking for those for the past seven (7) months. HBT would, of necessity, have those copies of the zoom meetings it scheduled and recorded. It is puzzling that this vital evidence is not available to the party before this Court which claims to be "HBTPower."

As Plaintiff admits, at p. 7 of the Response, in order to have standing the party must (a) have suffered an "injury in fact"; (b) there must be a causal connection between the injury claimed and the party defendant's actions; and (c) it must be likely that the relief sought will redress the injury claimed. *Lujan v. Defenders of Wildlife*, 504 US 555 (1992). As the party before this Court does not seem to be HBTPower's current owners or a person named by the current owners as representing it, no injury or alleged causal connection can be claimed. Strangers to the agreement cannot sue to enforce it. This Court cannot take the assertion that Wang Yangping actually is the representative of HBTPower, if that entity still exists or that the entity is bringing this action, without that entity's current ownership appearing before it and proving that. Absent proof of such standing, the complaint cannot remain before the Court.

To date, HBT's filings do not contain exhibits of anything that could not be created on a home computer or found by using google. Kentucky law provides that ""[t]he burden of proving

agency is on the party alleging its existence." *Wright v. Sullivan Payne Co.,* 839 SW3d 250, 253 (Ky. 1992). "HBT" has failed and refused to prove any agency in a verifiable manner. Similarly, HBTPower has failed to prove that the entity or individual before this Court is the real party in interest. For that reason, the matter must be dismissed.

Respectfully submitted,

_____
Anna Stewart Whites
ANNA WHITES LAW OFFICE PLLC
327 Logan Street
Frankfort KY 40601
(502) 352-2373 (office)
 Annawhites@aol.com
*Attorney for Defendant Mohawk Energy, LLC*

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of
the foregoing was this day served via the
court's electronic filing system upon:

Palmer G. Vance
Lindsey H. Meares
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131

This the 19th day of January, 2024.

_____
Anna Stewart Whites

8