# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | | |
|---|---|---|
| **HBTPOWER LIMITED,** | ) | CASE NO.: 3:23-cv-628-CHB |
| | ) | |
| Plaintiff, | ) | JUDGE: Claria Horn Boom |
| | ) | |
| vs. | ) | |
| | ) | **HBTPOWER LIMITED'S REPLY TO** |
| **MOHAWK ENERGY, LLC,** | ) | **MOHAWK ENERGY, LLC'S** |
| | ) | **SUPPLEMENTAL FILING (DN 35)** |
| Defendant. | ) | |
| | ) | |

Comes the Plaintiff, HBTPower Limited ("HBTPower"), by counsel, and tenders this Reply to the "RESPONSE to Motion re [32] MOTION to Dismiss for Lack of Jurisdiction *Supplemental Response*" ("Supplemental Brief") filed by Defendant Mohawk Energy, LLC ("Mohawk") (together with HBTPower, the "Parties") on January 10, 2024 (DN 35).

As an initial matter, the Supplemental Brief is titled "Supplement to Defendant Mohawk Energy's Response To Motion for Injunctive Relief," but the first paragraph states that it is a "supplemental filing to [Mohawk's] currently pending Motion to Dismiss." (See DN 35 at 1 (emphasis added).) Thus, it is not immediately clear which pleading Mohawk intends to supplement.[1] Based on the substance of the Supplemental Brief, HBTPower assumes Mohawk intends to supplement its Motion to Dismiss for Lack of Jurisdiction ("Mohawk's Motion to Dismiss") (DN 32) even though Mohawk has already filed a reply in support of its Motion to Dismiss (DN 41).

---

[1] HBTPower questions whether Mohawk followed the appropriate procedure for filing a supplemental brief in support of its Motion to Dismiss. However, HBTPower felt it should respond to the baseless allegations in the Supplemental Brief where its docket entry indicated that "[r]eplies [are] due by 1/24/2024." (See DE 35.)

In Mohawk's Motion to Dismiss, Mohawk argues that HBTPower is not the real-party-in-interest by questioning whether HBTPower's representatives in this action, Mr. Wang Yangping, has authority to submit declarations in support of HBTPower.[2] The Supplemental Brief is yet another attempt by Mohawk to direct the Court's attention to matters that are beyond the pleadings and that may not be considered in evaluating a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.

More specifically, Mohawk alleges in the Supplemental Brief that a supposed "agent of Wang Yangping" trespassed on Mohawk's premises. (DN 35 at 1-2.) Although it is not clear how the alleged "trespass" is relevant to Mohawk's Motion to Dismiss, Mohawk's allegations in the Supplemental Brief are untrue. While Mr. Wang is familiar with Mr. Meng Huang, the supposed "trespasser," Mr. Huang is not related to Mr. Wang or any other employee, director or shareholder of HBTPower or its affiliated companies. (See Third Declaration of Wang Yangping, dated January 23, 2024, a copy of which is attached as **Exhibit 1**.) Moreover, neither Mr. Wang nor HBTPower has ever authorized Mr. Huang to take action on their behalf. (Id.)

Mohawk uses its baseless allegations of trespass to manufacture a conspiracy theory that falsely accuses Mr. Wang of "acting against the interest of the actual owners of the [mining machines stored on Mohawk's property] . . . [.]" (DN 35 at 2.) However, the record in this case is replete with evidence that Mr. Wang has not "act[ed] against the interest" of HBTPower, the "actual owner" of the mining machines. Indeed, HBTPower has (1) submitted a resolution by one of HBTPower's directors (then the sole director), Ms. Wang Zhou, confirming Mr. Wang's

---

[2] To be clear, the plaintiff in this case is, and always has been, HBTPower, a party to the contract governing the rights of the Parties. Mr. Wang simply signed the verification page in support of HBTPower's Verified Complaint (DN 1) and submitted declarations in support of two submissions by HBTPower. (See DN 1, DN 16-2 & DN DN 23-3.) Mr. Wang is not the only representative of HBTPower who has submitted declarations on behalf of HBTPower.

authority to attest to facts in this case on behalf of HBTPower (DN 23-3); (2) the Declaration of Wang Zhou, dated January 12, 2024, reiterating that HBTPower and its parent companies had authorized HBTPower's legal actions against Mohawk and Mr. Wang's participation therein (DN 36-1); and (3) the Declaration of Zhang Li, Executive Director of Sinohope Technology Holdings Limited ("Sinohope Technology"), dated January 12, 2024, confirming Sinohope Technology's knowledge and approval of this action and Mr. Wang's actions thus far (DN 36-2). In any event, as discussed in HBTPower's Response in Opposition to Mohawk's Motion to Dismiss (DN 36), Mohawk has utterly failed to demonstrate any basis for dismissal of HBTPower's Verified Complaint (DN 1) under the applicable legal standard. (See generally DN 36.)

Mohawk strategically filed this Supplemental Brief at a time when HBTPower has been repeatedly asking Mohawk to satisfy its undertakings in the Joint Status Report and abide by its representations to the Court. As this Court knows, the Parties submitted a Joint Status Report on December 8, 2023 (DN 21) that rendered HBTPower's Motion for Temporary Restraining Order (DN 16) moot. In it, Mohawk agreed to allow HBTPower "access to the security cameras at the Premises" and to "inspect the mining machines and the equipment." (See DN 21-1 at ¶¶ 4-5.) However, to date, Mohawk has refused to provide HBTPower with access to the security cameras and the inspection has yet to occur. Moreover, HBTPower agreed to the terms of the Joint Status Report in part based on Mohawk's representation to the Court in its Answer and Counterclaim that "additional older model mining machines were provided by HBTPower" and it "will conduct an inventory promptly to confirm." (See DN 14 at ¶ 29.) Despite repeated requests, Mohawk still has not provided HBTPower with an inventory of the mining machines that remain in Mohawk's custody and control. Mohawk's failure to comply with the Joint Status Report aggravates HBTPower's concerns about the S19 Series Miners that are the subject of HBTPower's pending

Motion for Preliminary Injunction (DN 23). Those concerns are exacerbated by the apparent frequency by which mining machines have disappeared at the hands of companies owned by Brandon D. Smith, Mohawk's sole member. (See DN 37 at 3.)

      The Supplemental Brief is irrelevant, lacks evidentiary support and is just another in a series of ongoing attempts by Mohawk to avoid complying with its undertakings. As such, this Court should not consider it. To the extent the Supplemental Brief relates to HBTPower's Motion for Preliminary Injunction (DN 23), it bears no relevance. HBTPower's Motion for Preliminary Injunction should be granted for the reasons set out in that motion and the reply filed in support thereof. (See DN 23, DN 37.) To the extent the Supplemental Response relates to Mohawk's Motion to Dismiss, that Motion should be denied for the reasons set out in HBTPower's response thereto. (See DN 36.)

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380
(859) 231-3000
(859) 253-1093 facsimile

By: /s/ Lindsey H. Meares
    Palmer G. Vance II
    Lindsey H. Meares

and

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500
Facsimile: (305) 437-8131
Florida Bar No. 70523
Harout.Samra@us.dlapiper.com

Admitted *pro hac vice*

COUNSEL FOR PLAINTIFF,
HBTPOWER LIMITED

- 2 -

## CERTIFICATE OF SERVICE

I certify that on January 24, 2024, I served the foregoing via CM/ECF, which will send all parties of record a notice of electronic filing, including the following:

Anna Stewart Whites
Anna Whites Law Office
327 Logan Street
P.O. Box 4023
Frankfort, KY 40601
E: annawhites@aol.com
COUNSEL FOR DEFENDANT,
MOHAWK ENERGY, LLC

/s/ Lindsey H. Meares
*Counsel for Plaintiff,*
*HBTPower Limited*