```
                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF KENTUCKY
                             LOUISVILLE DIVISION

  HBTPOWER LIMITED,                    ) Case No. 3:23-CV-628-CHB
                                       )
          Plaintiff,                   )
                                       )
  vs.                                  )
                                       )
  MOHAWK ENERGY, LLC,                  )
                                       ) April 1, 2024
          Defendant.                   ) Louisville, Kentucky


               *****************************************
                TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
                  BEFORE HONORABLE CLARIA HORN BOOM
                      UNITED STATES DISTRICT JUDGE
               *****************************************


  APPEARANCES:

  For Plaintiff:      Lindsey Howard Meares
                      Stoll Keenon Ogden, PLLC
                      400 West Market Street, Suite 2700
                      Louisville, KY 40202

                      Harout Samra
                      DLA Piper, LLP
                      200 South Biscayne Boulevard, Suite 2500
                      Miami, FL 33131

  For Defendant:      Anna S. Whites
                      327 Logan Street
                      P.O. Box 4023
                      Frankfort, KY 40604

  (All counsel present telephonically.)

                      Terri L. Horton, RMR, CRR
                       Official Court Reporter
                        133 U.S. Courthouse
                           501 Broadway
                         Paducah, KY 42001

  Proceedings recorded by mechanical stenography, transcript
  produced by computer.
```

```
 1            (Begin proceedings at 4:01 p.m.)
 2               THE COURT:  Good afternoon.  This is Judge Boom.  We
 3    are back on the record in the matter of HBTPower Limited vs.
 4    Mohawk Energy, LLC.  This is Louisville Civil Action
 5    3:23-CV-628.
 6       Counsel, please state your appearances for the record.
 7    First for the petitioner.
 8               MR. SAMRA:  Good morning, Your Honor.  This is Harout
 9    Samra again of DLA Piper on behalf of the petitioner, HBTPower,
10    and I'm joined, as I was this morning, by my colleague, Lindsey
11    Howard Meares of Stoll Keenon Ogden.
12               THE COURT:  All right.  Good afternoon.
13       And on behalf of Mohawk Energy?
14               MS. WHITES:  Anna Whites, Your Honor, for Mohawk
15    Energy.
16               THE COURT:  All right.  Good afternoon.
17       This is a continuation of the telephonic status conference
18    that we held this morning at 10:00 a.m.  When we broke from that
19    status conference, the Court had requested that the parties
20    confer with each other -- or that counsel confer with each other
21    and also confer with their respective clients and potential
22    witnesses related to a number of items:  One, scheduling the
23    preliminary injunction hearing; the current agreement that is in
24    place between the parties per the status report that you had
25    filed in this matter; whether the parties were interested in the
```

1  Court referring the matter to a settlement conference with the
2  magistrate judge and holding the current motions in abeyance.
3       So what I'd like to do is start, I guess, with you,
4  Mr. Samra, and ask whether or not the parties have been able to
5  reach an agreement on these matters.
6            MR. SAMRA:  Your Honor, I think, yes.  We've had a
7  productive conversation with opposing counsel on this matter and
8  I think have an agreed framework on how to proceed.
9       And, first, I think we would -- we've agreed to accept the
10 approach that Your Honor proposed on our earlier call referring
11 the parties to a settlement conference before Magistrate Judge
12 Lindsay, holding the remaining motions in abeyance, and
13 consistent with that -- with your proposal this morning, we
14 would withdraw the pending motion for preliminary injunction
15 without prejudice in anticipation of the settlement conference,
16 and the existing agreement on the TRO would remain in place
17 going forward.  We also had the opportunity to discuss that,
18 Your Honor, and I think also we're on the same page on that
19 issue.  And, finally, as to the discovery issues, we've agreed
20 to have a call tomorrow to go through those item by item and try
21 to reach agreement where possible on those points as well.
22      I think that that summarizes the agreement broadly.  As I
23 said, it's consistent with what Your Honor proposed on the call
24 this morning, and I would ask Ms. Whites to confirm or clarify
25 any remaining issues.

```
 1                  THE COURT:  All right.
 2                  MS. WHITES:  I believe you covered that.
 3        I think that is our agreement.  We're okay with delaying all
 4   the motions until after a settlement conference, with the
 5   opportunity, if we don't get that conference for, you know,
 6   three months, to be able to come back and ask for relief if it
 7   becomes necessary.  And we're conferring tomorrow at 2:00 on
 8   discovery.
 9                  THE COURT:  All right.  That sounds good and
10   reasonable with the Court.
11        My -- you know, I was talking earlier with my law clerk
12   about the issue of -- I don't know that there is a pending --
13   there is a pending verified complaint for temporary restraining
14   order and permanent injunctive relief, but I believe that the
15   separate -- there had been, I thought -- I can't put my finger
16   on it.  Yeah, a motion for restraining order at Record Entry 16
17   that was ultimately resolved by the agreement of the parties.
18        So I don't believe that there is a -- there is a verified
19   complaint for injunctive relief, not a pending motion for
20   injunctive relief, but certainly the complaint asks for that.
21   And, indeed, I think the only way that this Court likely has
22   jurisdiction is for injunctive relief given the arbitration
23   between the parties.  So I guess my only question with your
24   proposal is -- and I know that your proposal is in part, you
25   know, a reaction to some of the questions that the Court had
```

1   earlier, but I don't believe there is technically a pending
2   motion for preliminary injunction, although that is the relief
3   that is requested in the complaint.
4       So, yeah, Mr. Samra.
5           MR. SAMRA:  Your Honor, it's my recollection that
6   there is a motion for preliminary injunction that is pending
7   before the Court, and I believe --
8           THE COURT:  Oh, I'm sorry.
9           MS. WHITES:  I believe there is.
10      (Simultaneous speaking not reportable.)
11          MS. WHITES:  I was going to say, yes, there is a
12  separate motion.
13      (Simultaneous speaking not reportable.)
14          MR. SAMRA:  -- 23, Your Honor.
15          THE COURT:  Yes, I see that.  I suppose I can -- you
16  know, I'm just thinking about this jurisdiction issue.  I think
17  as long as the complaint remains in place that is requesting
18  injunctive relief that I can hold that Motion 23 in abeyance
19  along with all the others.  So I don't necessarily, then, have a
20  jurisdiction concern there.
21      Anything else on that issue, Mr. Samra?
22          MR. SAMRA:  No, Your Honor.
23      So if it's Your Honor's suggestion that instead of
24  withdrawing the motion formally that you enter an order holding
25  it in abeyance pursuant to this agreement of the parties, I

```
 1   think from our standpoint that would be okay as well.  But I
 2   don't know -- either way, Your Honor, on that point.  But, yes,
 3   from our standpoint, it's this motion that's now pending before
 4   the Court.
 5            THE COURT:  Yeah.  And it sounds like your agreement
 6   with Ms. Whites was to withdraw that pending motion for
 7   preliminary injunction, and so I don't want to mess that up.
 8   Again, it can immediately be refiled in the absence of a
 9   settlement in front of the magistrate judge.  So if that's the
10   agreement, then that's what I think we need to honor.
11        So here's what I -- I'm sorry.  Here's what I would request,
12   is that the parties file a status report reflecting these
13   matters, and then I will immediately enter the appropriate order
14   that -- you know, that effectuates -- I just want to make sure
15   that I have your agreement, essentially, as a joint status
16   report in the record, and then I will enter an order that
17   effectuates the agreement of the parties.
18        Any reason why you wouldn't be able to do that by 10:00 a.m.
19   tomorrow?
20            MR. SAMRA:  I think 10:00 a.m. tomorrow is fine, Your
21   Honor, from my standpoint.  I can't speak for Ms. Whites.
22            MS. WHITES:  That works for me.  Yes, we can do that.
23            THE COURT:  Okay.  Then I'm going to request that you
24   enter a joint status report that outlines the parameters of your
25   agreement just as you've outlined to me here, then I'll enter an
```

```
 1   order that effectuates that, and I will enter an order that
 2   refers the parties to a settlement conference with the
 3   magistrate judge.  What I'll also include in the order is that
 4   within seven days of the conclusion of the settlement conference
 5   that the parties file a joint status report -- should the
 6   settlement conference be unsuccessful that you'll file within
 7   seven days a joint status report that proposes dates for the
 8   preliminary injunction hearing and also outlines your position
 9   as far as the -- all motions that are being held in abeyance.
10          Any questions about that, Mr. Samra?
11             MR. SAMRA:  Only, Your Honor, as to the hearing that's
12   scheduled for this Thursday as well as today's submission,
13   whether or not this arrangement supersedes both of those things.
14             THE COURT:  I believe that we can certainly -- you
15   know, the Court has no issue with relieving the parties of those
16   provisions of the scheduling order, both the prehearing
17   submissions being required today as well as remanding the
18   in-person status conference for Thursday.
19          Any issues with that, Mr. Samra?
20             MR. SAMRA:  No, Your Honor.  I think that's okay.
21             THE COURT:  Same question.  Any objection or issues
22   with that, Ms. Whites?
23             MS. WHITES:  No, Your Honor.
24             THE COURT:  Okay.  So you'll be relieved from the
25   obligation to file your prehearing submissions today, and
```

1   certainly I will remand the in-person status conference for
2   Thursday from the schedule.
3        All right.  Anything else, Mr. Samra, on behalf of HBTPower?
4             MR. SAMRA:  No, Your Honor.  I think we are fine.
5   Thank you very much for your time today.
6             THE COURT:  All right.  Of course.
7        Ms. Whites, anything further on behalf of your client?
8             MS. WHITES:  No, Your Honor.  Just confirming that
9   those May dates that you offered, the 7th and 8th, that we are
10  doing the settlement conference instead, hopefully before those
11  dates, and those dates are not on our calendar any longer.
12            THE COURT:  Yeah.  Those dates are certainly not on
13  your calendar.  You know, what I will do is reach out to the
14  magistrate judge's chambers to ask them that the matter be set
15  for a settlement conference as expeditiously as possible.  Now,
16  I don't have direct, you know, control, obviously, over the
17  magistrate judge's schedule, so I cannot promise you that any
18  settlement conference will be in advance of May the 7th.  I hope
19  that it will be.
20       And certainly, you know, if there is a significant delay
21  that in some way affects one of the parties, you can file
22  whatever motion you deem appropriate.  I think the parties have
23  demonstrated they're not shy about filing motions in this case.
24       But I will, you know, have to leave that scheduling to the
25  discretion of the magistrate judge because I simply do not know,

```
 1   you know, what that schedule is, although I'll certainly ask
 2   that it be scheduled as soon as possible.  But, you know, like
 3   district court judges, they're juggling a lot of matters as
 4   well, although they are, you know, always very responsive.
 5            MS. WHITES:  All right.  Thank you.
 6            THE COURT:  All right.  If there's not anything
 7   further -- yes.  Anything else, Mr. Samra?
 8            MR. SAMRA:  No.  Thank you, Your Honor.
 9            THE COURT:  All right.  We'll be off the record.
10   Thank you.
11       (Proceedings concluded at 4:13 p.m.)
12
13                      C E R T I F I C A T E
14     I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
15   THE RECORD OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
16
17      s/Terri L. Horton                     May 2, 2024
     Terri L. Horton, RMR, CRR                Date
18   Official Court Reporter
19
20
21
22
23
24
25
```