**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| **HBTPOWER LIMITED**      ) | |
| ) | |
| *Plaintiff,*               ) | |
| ) | Case No. 3:23-cv-00628-CHB |
| v.                         ) | |
| ) | |
| **MOHAWK ENERGY, LLC**     ) | |
| ) | |
| *Defendant.*               ) | |

### MOHAWK'S RENEWED MOTION TO DISMISS ON GROUNDS THAT PLAINTIFF IS NOT THE ENTITY IT CONTRACTED WITH

\*\*\*\*

Comes the Defendant, Mohawk Energy, LLC, by counsel, and in accordance with the Court's direction at the 4/1/24 hearing, requests that the Motion to Dismiss on jurisdictional grounds (R. 32) and Motion for Judicial Notice that Plaintiff is Not the Entity Which Contracted With Mohawk (R. 20), as Plaintiff is not the entity it contracted with or had an agreement with, be renewed and brought for hearing before the Court. In support of this Motion, Mohawk would show as follows:

Mohawk had previously agreed to delay a hearing on the motions until after the settlement conference, upon Plaintiffs assurance of meaningful participation therein. As HBTPower is now not able to produce any corporate owner, director, or officer of HBTPower, Huobi or any other entity which owns some portion of HBTPower for the settlement conference, there is no reason to continue to delay a hearing on this specific issue. There does not appear to be any desire for engagement in this case by HBTPower's current owner, or any ability of Plaintiff to provide documents supporting its claims of ownership to the equipment at issue.

Mohawk was hopeful that the parties would be able to resolve the concerns about identity and some of the issues between them at the settlement conference scheduled for 6/24/24. Unfortunately, HBTPower has stated its intent to refuse to produce any owner, officer, director or employee of HBTPower at the settlement. The only attendee on the Plaintiff's side will be Yangping Wang, a terminated ex-employee of HBTPower, who was fired by that entity almost a year ago and has engaged in some questionable activities both before this Court and in the course and scope of his interactions with Mohawk over the past year. This neither reassures Mohawk that HBTPower's owners have knowledge of this action or are participants herein, nor leads to optimism about the possibility of resolving any of the parties' concerns at that settlement conference.

Even if Mohawk wanted to completely resolve the issues in this case at settlement, Mohawk could not make any agreement with Mr. Wang, who is not only an individual known by Mohawk to make false or inaccurate statements, but is someone with no ownership interest whatsoever in either party before this Court. He is not even an employee of any entity involved in the matter, let alone an owner, officer or director thererof. As detailed in pleadings before this Court, Mr. Wang has filed multiple intentionally false and inaccurate affidavits in this action, is believed to have made false statements to INS so that he could extend his visa in order to sue Mohawk, and made frequent false and inaccurate statements to Huobi during the course of the Mohawk/Huobi working relationship. Mohawk would be afraid to share any confidential information or significant asset that belonged to Huobi or the original HBTPower with Mr. Wang.

Counsel for HBTPower claims that it represents "Sinohope" (a partial name for multiple different corporate entities) and "Avenir" (similarly a partial name for numerous different

corporations) and "MCore" (which does not even appear to be a google-able entity) with regard to the action before this Court but refuses to provide Mohawk with supporting confirmation of that representation from General Counsel for any of the entities. Google documents indicate that each of those entities may own some percentage of the new HBTPower after Huobi divested itself of the original entity. None of those parties have appeared before the Court, spoken with Mohawk, contracted with Mohawk or registered to do business in this Commonwealth. Similarly, HBTPower itself has not registered to do business in Kentucky at any time.

      The Plaintiff has admitted to a significant change in the ownership and activities of HBTPower after the contract was entered into between Huobi/original HBTPower Limited and Mohawk, in violation of the express contractual agreement between the parties which prohibits such changes. The original entity was owned by Huobi, as is expressly defined in the contract as the "Licensee/Houbi" in the Agreement. That original entity, or a portion thereof was transferred to New Huo Digital, a wholly owned subsidiary. That entity in turn split it up and transferred it to additional entities. In a transfer and sale document of August 25, 2023, it was noted at p. 5 that that upon this disposal HBT Power would cease entirely to be a subsidiary of Huobi or New Huo Digital. The current HBTPower Limited appears to be 20% owned by Sinohope Digital Service Limited, which is different from Sinohope Technology Holdings Limited, a company which appears to be Huobi restructured and with some of its branches sold; and 80% by a third entity MCore, which is, in turn, owned by a fourth entity, Avenir Cayman Holdings Limited, at least in part. Obviously, HBTPower today is not the same entity that Mohawk contracted with in 2022.

      The initial Agreement provides at Section 17. *Relationship of the Parties*. Except with respect to rights of third parties to be defended, indemnified and held harmless as provided in

Section 11 of this Agreement, nothing in this Agreement, express or implied, shall confer any rights or remedies under or by reason of this Agreement on any third party.  The Plaintiff before this Court appears to be just such a third party, whom the contract expressly forbids from attempting to assert any contractual interests.

HBTPower's lawyers claimed that they represent all of those companies in this action and stated that for this reason, neither Mohawk nor its counsel are allowed to reach out to any officer, director or legal counsel of those entities, even though Mohawk worked exclusively with General Counsel and Directors of Huobi throughout the entirety of the parties' relationship.  When Mohawk asked counsel for HBTPower to have the General Counsel or an internal attorney for any of the above organizations confirm that alleged representation in writing, HBTPower's lawyers refused to provide that assurance.  Despite the claims about who counsel for the Plaintiff actually represents, Plaintiffs have been unable to produce any of the documentation of equipment ownership that Mohawk has been requesting since July, 2023.  This renders it very unlikely that those three giant companies are actually part of this action or that any of them is the organization that contracted with Mohawk.

HBTPower's counsel filed an arbitration case simultaneously with the case before this Court, addressing the Huobi/Mohawk agreement.  Mohawk filed a motion in that forum challenging the claim that Yangping Wang is a Huobi/Sinohope representative with regard to this matter.  HBTPower was not able to provide JAMS anything except googled documents about Sinohope and other entities which they have appear to have downloaded from the internet.  No actual corporate minutes or documents have ever been provided.  Even in the confidential arbitration forum, Plaintiff cannot produce any evidence showing ownership or identity.

Mohawk suggests that a hearing needs to be held to determine whether the individual or entity before this Court is (a) the same entity that contracted with Mohawk such that the contract can be addressed with that entity; and if so, (b) that the Plaintiff in this action actually has some proof of ownership of any of the property involved in the case. To date, HBTPower and Mr. Wang have been unable to come up with a single scrap of paper that might show ownership or a right to proceed in this case. Mohawk has wasted dozens of hours of legal and corporate time addressing what appears to be a fraudulent claim filed by a terminated employee who knew of these potentially "orphaned" machines and is trying to claim those for himself. JAMS has not yet had opportunity to review that identity or contractual right agreement, which was filed originally in this Court. The Court's ruling may help JAMS Arbitrator determine whether the matter is properly before it.

As the Plaintiff admits no intent to provide a representative at settlement who has a management or ownership interest in any owner of "HBTPower", and no intention to address identity or contractual issues, there is no reason to delay hearing this motion until after the settlement conference. For that reason, Mohawk requests that this Court put the Motion to Dismiss back on the active docket and schedule a hearing on it at the Court's convenience.

Respectfully submitted,

_____
Anna Stewart Whites
ANNA WHITES LAW OFFICE PLLC
327 Logan Street
Frankfort KY 40601
(502) 352-2373 (office)
Annawhites@aol.com

*Attorney for Defendant Mohawk Energy, LLC*

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was this day served via the JAMS electronic filing system upon:

Palmer G. Vance
Lindsey H. Meares
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131

This the 31st day of May, 2024

_____
Anna Stewart Whites