UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **HBTPOWER LIMITED** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:23-cv-00628-CHB |
| v. ) | |
| ) | |
| **MOHAWK ENERGY, LLC** ) | |
| ) | |
| *Defendant.* ) | |

### MOHAWK'S RESPONSE TO MOTION TO COMPLEL COMPLIANCE WITH "STANDSTILL AGREEMENT"

\*\*\*\*

Comes the Defendant/Counterclaim Plaintiff, Mohawk Energy, LLC ("Mohawk") and for its response to Plaintiff HBTPower Limited's "Motion to Compel Compliance with Standstill Agreement", R. 86, states as follows:

Almost a year ago, when the parties were anticipating a prompt hearing on Plaintiffs' Motion and a quick resolution to this matter, Mohawk agreed to briefly refrain from selling or disposing of Huobi's bitcoin mining machines, and discussed how safe camera access could be provided to ensure Plaintiff of the ongoing security of the plant. Plaintiff then filed its case in a wholly separate forum and has chosen to move forward with setting discovery, hearings and eventually a trial in that separate forum.

Now, months later, Plaintiff has yet to be available for a hearing before this Court, has yet been unable to provide any proof that it owns the bitcoin mining machines at the site, and cannot even provide proof that it knows what type of machines and the number of machines

1

which were sent by Huobi to the Mohawk site. Plaintiff claims an interest in the mining machines despite not knowing what they are, how many there are, or what condition they are in. HBT has been completely unable to provide any evidence on those matters.

Despite that lack of proof that HBT has any knowledge of or right to the Huobi machines, Mohawk continues to agree to maintain the mining machines on site, and to retain the $300,000.00 it obtained by selling the outdated machines in 2023 for the cost of three months past due rent and labor. That agreement has not changed and Mohawk affirms it via the undersigned counsel.

The facility maintains in-person security and a system of security cameras. Plaintiff has requested that it be allowed access to the security cameras. Initially, when the parties' hearing was imminent, Mohawk agreed to allow some limited camera access for those few weeks. That time passed months ago. As Mohawk has various individuals touring and/or using the space and is making use of it itself, allowing a foreign entity to monitor that use via the security cameras compromises both the security at the site and the willingness of third parties to utilize the site. No company wants to lease a space when various Chinese companies can monitor how they use the site and what they are doing in it. No NDA is effective for a potential purchaser if unknown competitors and third parties are watching them tour the space or work in it.

This litigation and Plaintiffs' ongoing claims to some right in various fixtures or equipment has impeded or prevented Mohawk from leasing and using the space for more than a year. For this reason, Mohawk has determined that security camera access will not be permitted. Mohawk needs to be able to affirm to any future lessee or tenant that it is secure in its confidential business use of the space. Mohawk needs to be able to use its own space, free of surveillance by a hostile company.

This case is simply a breach of contract matter, where Huobi and its subsidiary breached an eight year mining and hosting agreement with Mohawk. The parties are dickering over lost profits on both sides. It is just about money. The bitcoin mining machines are fungible goods, and whether the same ones or replacement models are turned over to the rightful possessor at the end of litigation makes no difference. Impairment of Mohawk's right to use its space and conduct its business would harm it further.

Camera access is not a reasonable or necessary permission in this case. Mohawk has let Plaintiff and its representatives and counsel visit the space in the past and continues to express willingess to permit any such requested visits in the future. Mohawk affirms that the computers are where Huobi left them, in the same space and same condition and the managing member for Mohawk will testify to their location and condition under oath during the hearing and before JAMS as it addresses the actual facts and issues while the parties adjudicate relief to be accorded. Plaintiffs' ongoing delays in when it will set its "emergency" motion before this Court continued for almost a year. Mohawk should not have its hands tied with regard to the use of the property until the case is finally resolved, which will be at least eight more months and probably longer.

Each of the parties' experts have given a valuation for the bitcoin mining machines and both have confirmed the availability of replacements. The mining machines are essentially fungible goods. In the unlikely event that the machines are not present at the conclusion of the matter, determining what is owed and to which party will be a simple matter for JAMS, Plaintiffs' chosen arbitration forum, to decide after review of the evidence and testimony before the Hearing Officer.

This matter is a simple contract case, involving money damages claimed by both parties, both direct and compensatory. In such a case, there should be no right of any party to invade the premises of the other during the course of litigation. The matter deals only with the contract terms and any compensation the parties may be entitled to. *Nucor Corp. v. General Electric Co.*, 812 SW2d 836, 838 (Ky. 1991). Invasive ongoing presence by Plaintiff in the business site for Mohawk is not appropriate and would cause additional financial harm and loss to Mohawk. The contract was breached by HBT more than a year ago, and Plaintiff should have no ongoing right to be on the premises, even just visually, as Mohawk attempts to mitigate its losses by using the space itself or via lessees and tenants.


Respectfully submitted,

/s/ Anna Stewart Whites
_____
Anna Stewart Whites
ANNA WHITES LAW OFFICE PLLC
327 Logan Street
Frankfort KY 40601
(502) 352-2373 (office)
 **Annawhites@aol.com**
*Attorney for Defendant Mohawk Energy, LLC*

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of
the foregoing was this day served via the
court's electronic filing system upon:

Palmer G. Vance
Lindsey H. Meares
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380

Harout J. Samra

4

DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131

This the 4th day of November, 2024.

_____
Anna Stewart Whites