UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **HBTPOWER LIMITED** )<br>)<br>*Plaintiff,* )<br>) Case No. 3:23-cv-00628-CHB<br>v. )<br>)<br>**MOHAWK ENERGY, LLC** )<br>)<br>*Defendant.* ) | |

**MOHAWK'S RESPONSE TO MOTION TO STRIKE OR FOR ALTERNATE RELIEF**

\*\*\*\*

Comes the Defendant/Counterclaim Plaintiff, Mohawk Energy, LLC ("Mohawk") and for its response to Plaintiff HBTPower Limited's "Motion to Strike" that requests either striking evidence or allowing Plaintiff another chance at a reply, R. 87, states as follows:

Plaintiffs demand to strike both the affidavit of Brandon Smith, Mohawk Managing Member, and that portion of Mohawk's expert's opinion that addresses value and availability of replacement bitcoin mining machines. There is no valid basis for this motion as neither exhibit provides new or surprising information. The information in the affidavit was stated and discussed in the motion to which it was appended, and Plaintiff had ample opportunity to respond to that information in its reply, even in the absence of the affidavit.

The expert's opinion on valuation and easy availability of replacement machines is not something new or surprising, as Mohawk has consistently affirmed, since before litigation was instituted, that the valuation of the mining machines claimed by Plaintiff is grossly inflated and that the assertion that the machines are "specialized to HBT" or otherwise irreplaceable is

1

ridiculous. Mohawk previously provided information gathered by its COO Dustin Rogers, who inquired about price and availability of replacement machines from the manufacturers. That information, which is consistent with the expert's opinion, is already part of the record, appended as an Exhibit to the Response to Motion for Injunction, R. 34. The expert was identified, and that portion of the report addressing the value of the equipment was provided for the purpose of transparency, even though the date for disclosure of such reports has not yet arrived. That section of the expert's report was provided to enable this Court to have accurate evidence before it when addressing various claims about the mining machines made by Plaintiff herein.

Prior to filing the motion, counsel for Mohawk offered to provide the expert's report in its entirety, even though such production is months premature, if Plaintiff would withdraw that portion of the motion to strike. Plaintiff declined that offer, which indicates that its motion is not filed for any valid purpose.

Contrary to Plaintiff's claims, at pp. 1-2 of its Motion to Strike, Mohawk was well within its rights to attempt to ascertain whether HBT had any right in this matter, as it was not ever involved in any of the work at the Mohawk site, the funding of such work, or the provision of the mining machines or Chinese workers. Mohawk worked only and solely with Huobi throughout the entire period, June 2022-July 2023. As reflected in the record, to the best of Mohawk's knowledge, no other party worked with Mohawk or provided funds or goods to Mohawk. Mohawk was also well within its rights to question the suspect claim that "HBT" is the same entity that signed the Mohawk contract, and that Mr. Wang, who was terminated by Huobi for misconduct and is presenting himself merely as a "contractor" for HBT in this action, was a valid party plaintiff.

Mohawk is sensitive to the difficulty the Court has in deciphering who the parties are and what is going on in this case, as that challenge is also present before JAMS and the various investigatory and regulatory agencies looking into "HBT" and its conduct.  Mohawk contracted with Huobi, a compliant and publicly traded international company, and its wholly owned subsidiary.  Now it is left to try to enforce its agreement against Avenir, an unknown foreign entity which is not even a party to this action, let alone subject to this Court's jurisdiction, and HBT, a foreign company which has no employees, website, assets or staff and is represented only by a contractor, who is not a US citizen or resident or subject to this Court's control.  This is a challenging and frustrating position for any small Kentucky business to be in.

Mohawk intended to file the unsigned version of the Smith affidavit with the motion, and it was inadvertently omitted.  That omission was only found when the signed version was finally tendered by Sen. Smith, and the undersigned discovered that the unsigned affidavit was not part of the record.  Plaintiff's allegation at p 2 of its Motion that the affidavit was not inadvertently omitted is not taken in good faith.  Once Sen. Smith provided the signed affidavit, counsel's office contacted the clerk, asked how to correct the filing, and followed the clerk's instructions.  Counsel is willing to provide the statement of Office Assistant Kirsten LeCompte to that effect should the Court request same.

The affidavit sufficiently meets the requirements of the civil rules such that it should not be struck. See principles outlined in *Alvey v. Welker,* 655 SW2d 503, 505 (Ky. App. 1986). The affdavit reflects the personal knowledge of Brandon Smith, Manager and majority member of Mohawk, who is the individual who dealt with Huobi on a weekly basis, and Mr. Wang almost daily when Wang was onsite.  He made clear statements within his knowledge about who provided funds and mining machines to him (Affdavit paras. 1, 2, 3, 4, 5, 9); who he dealt with

and discussed matters with (Affidavit paras. 1, 2, 3, 5, 7, 8, 9, 10, 11); who he worked with on the power company agreements and EDR (Affidavit paras. 11, 12); discussions he had regarding the workers living at the site, and late or unmet payments due (Affdavit, paras. 11, 14); the actions he observed Huobi taking/not taking (Affidavit paras . 1, 4, 15), and losses he has determined were incurred (Affiavit para. 16).  He affirmed those with his oath and signature.

      The affidavit does not, as Plaintiff claims at p. 3 of the Motion, "spring new facts" on the parties.  The statements in the affidavit are outlined in the Response, with cites therein to the affidavit.  None of those statements are novel in this case, and they have been made many times previously in the filings and arguments before this Court. See, e.g., Answer, R. 14, specifically paras. 7, 12, 13-18; Response to Motion for TRO, R. 19; Response to Motion for Injunction, R. 34, specifically pp. 2-5, 8, 10-12.  Sen. Smith, as the person directly speaking with Huobi and Lily (Zhang Li) on the matters contained in the affidavit was the primary participant to the discussions and can state what occurred, particularly where that information is already contained elsewhere in the record.

      For the foregoing reasons, Mohawk requests that this Court DENY the motion to strike. Should this Court determine that some relief is to be granted, Mohawk would ask that the Court strike the evidence objected to, rather than permitting HBT an additional opportunity to re-respond to the motion is has already answered at voluminous length.

Respectfully submitted,

_/s/ Anna Whites_

Anna Stewart Whites
ANNA WHITES LAW OFFICE PLLC
327 Logan Street
Frankfort KY 40601
(502) 352-2373 (office)

[Annawhites@aol.com](mailto:Annawhites@aol.com)

*Attorney for Defendant Mohawk Energy, LLC*

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was this day served via the court's electronic filing system upon:

Palmer G. Vance
Lindsey H. Meares
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131

This the 4th day of November, 2024.

_____
Anna Stewart Whites