# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | | |
|---|---|---|
| **HBTPOWER LIMITED,** | ) | CASE NO.: 3:23-cv-00628-CHB |
| | ) | |
| Plaintiff, | ) | JUDGE: Claria Horn Boom |
| | ) | |
| vs. | ) | |
| | ) | |
| **MOHAWK ENERGY, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT SUBMISSION

Pursuant to the Court's Memorandum and Order dated December 17, 2024 (DN 106), Plaintiff HBTPower Limited ("**HBTPower**"), by counsel, and Defendant Mohawk Energy, LLC ("**Mohawk**"), by counsel (collectively, "**Parties**"), jointly submit the attached Proposed Agreed Preliminary Injunction and Order resolving HBTPower's Motion for Preliminary Injunction (DN 76).

Dated: December 20, 2024

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380
(859) 231-3000
Gene.vance@skofirm.com
Lindey.meares@skofirm.com
Komal.tailor@skofirm.com

By: /s/  *Palmer G. Vance II*
    Palmer G. Vance II
    Lindsey H. Meares
    Komal Tailor

and

ANNA WHITES LAW OFFICE
P.O. Box 4023
Frankfort, KY 40601
E: annawhites@aol.com


By: /s/  *Anna Whites* (with permission)
    Anna Stewart Whites

COUNSEL FOR DEFENDANT,
MOHAWK ENERGY, LLC

Harout J. Samra
DLA PIPER LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500
Facsimile: (305) 437-8131
Florida Bar No. 70523
Harout.Samra@us.dlapiper.com

Admitted *pro hac vice*

COUNSEL FOR PLAINTIFF,
HBTPOWER LIMITED

## CERTIFICATE OF SERVICE

I certify that on December 20, 2024, I served the foregoing via CM/ECF, which will send all parties of record a notice of electronic filing, including the following:

Anna Stewart Whites
Anna Whites Law Office
327 Logan Street
P.O. Box 4023
Frankfort, KY 40601
E: annawhites@aol.com
COUNSEL FOR DEFENDANT,
MOHAWK ENERGY, LLC

/s/     *Palmer G. Vance II*
*Counsel for Plaintiff,*
*HBTPower Limited*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | | |
|---|---|---|
| **HBTPOWER LIMITED,** | ) | CASE NO.: 3:23-cv-00628-CHB |
| | ) | |
| Plaintiff, | ) | JUDGE: Claria Horn Boom |
| | ) | |
| vs. | ) | **AGREED PRELIMINARY** |
| | ) | **INJUNCTION AND ORDER** |
| **MOHAWK ENERGY, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff HBTPower Limited ("**HBTPower**") and Defendant Mohawk Energy, LLC ("**Mohawk**") (collectively, "**Parties**") being in agreement to entry of the following Preliminary Injunction and Order resolving HBTPower's Renewed Motion for Preliminary Injunction (DN 76):

**IT IS HEREBY ORDERED**:

1. That until the arbitrator in the JAMS Case Reference Number 5440001154 issues an award resolving the Parties pending disputes:

    a. Mohawk is enjoined from not selling, disposing, encumbering, assigning, using, or in any manner transferring the Racked Miners and the Boxed Miners (collectively, the "**Mining Machines**") as defined in Appendix A,[1] which inventories the equipment and machines currently stored at 1004 Gateway Industrial Park, Jenkins, Kentucky 41537 (the "**Premises**").

---

[1] The inventory list is provided solely for the purposes of this Order and does not establish ownership of such inventory nor resolve any disputes between the Parties regarding ownership.

    b. Mohawk is enjoined from executing on any liens filed to date with respect to any of the mining machines in connection with its claims against HBTPower.

    c. Mohawk is enjoined from connecting the Mining Machines to electrical power or otherwise using the Mining Machines.

    d. Mohawk is enjoined from using any of the Mining Machines without obtaining leave or permission from the Court sought by motion. Such leave may be sought for, among other reasons, an unreasonable delay in the JAMS arbitration.

    e. Mohawk is enjoined from selling, disposing, encumbering, assigning, or in any manner compromising the Electrical Equipment, as defined in the Appendix A, (collectively the "**Electrical Equipment**") that are currently located on/connected to the Premises.

2. Mohawk confirms by entry of this Preliminary Injunction and Order that the Mining Machines and the Electrical Equipment are unencumbered and still at the Premises.

3. Mohawk shall maintain in escrow the proceeds from the sale of 2059 m30+ and m31+ Bitcoin mining machines that are stated to have been sold between November-December, 2023.

4. No Mining Machines shall be used by Mohawk to carry out any cryptocurrency mining activities.

5. Mohawk shall facilitate and ensure that HBTPower's representatives and agents will be allowed to enter the Premises to conduct physical inspection, including physical handling of the Mining Machines present at the Premises and photography thereof. Such inspection may be conducted monthly or every two weeks, at an agreed upon time and date between 9am and 5pm local time, and with a 48-hour notice provided to Mohawk's counsel. HBTPower will not be

allowed to remove any Mining Machines or Electrical Equipment from the Premises, except with Mohawk's express consent.

Except as stated in this Preliminary Injunction and Order, HBTPower's Motion for Preliminary Injunction ((DN 76), is denied as moot, and without prejudice.

**IT IS SO ORDERED this _____ day of December 2024 at _____.m.**

# APPENDIX A

HBTPower has inspected Mohawk's property at 1004 Gateway Industrials Park, Jenkins, Kentucky 41537 (the "**Premises**") on December 17, 2024 and based thereon agree to the following inventory that will be subject to the Court's Order resolving HBTPower' Motion for Preliminary Injunction (DN 76):

1. 2270 Bitmain Antminer S19 series mining machines of which:
    a. 1,224 are placed on racks ("**Racked Miners**"); and
    b. 1,046 are still boxed and stored across 57 pallets ("**Boxed Miners**").
2. "**Electrical Equipment**" for the purposes of this injunction means the transformers, substation, and the low-voltage cabinets.
3. For avoidance of doubt, for the purposes of this injunction:
    a. Transformers refers to 12 transformers, installed in the external area behind the enclosed space on the Premises (of a total of 14 transformers on the Premises).
    b. Substation refers to the substation installed in the external area behind the enclosed space on the Premises, and all fixtures connected thereto.
    c. Low-voltage cabinets refer to 12 low-voltage cabinets installed in the Premises, of a total of 14 low-voltage cabinets located there.
4. Ownership of the additional two transformers and two low-voltage cabinets is disputed by the Parties, which respectively reserve all rights to make claims in connection thereto and expressly do not waive any such claims by entry into this Agreed Preliminary Injunction Order.